UNITED STATES COURT OF APPEALS
**Filed 4/9/96**TENTH CIRCUIT

_____

MICHAEL B. TAYLOR,                    )
                                      )
        Petitioner-Appellant,         )
                                      )
    v.                                )        No. 95-6322
                                      )        (D.C. No. CV-94-980)
                                      )        (W.D. Okla.)
L. L. YOUNG,                          )
                                      )
        Respondent-Appellee.          )

_____

ORDER AND JUDGMENT*

_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Michael B. Taylor, appearing pro se and in forma pauperis, appeals the district court's denial of his petition for writ of habeas corpus. We affirm.

Petitioner is an inmate in the State of Oklahoma. He was convicted of one count of burglary, first degree, and two counts of assault with a dangerous weapon, and was sentenced to concurrent seven-year terms of imprisonment, with the last four years of the sentence suspended. At the time of his sentencing and subsequent incarceration,

_____

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

petitioner was the subject of a domestic protective order which prohibited him from threatening, harassing, or otherwise interfering with his ex-wife and their children.

While petitioner was serving the custodial portion of his sentence, he began writing letters to his ex-wife and her mother. In addition, petitioner made at least one threatening telephone call to his ex-wife from prison. Based upon this conduct, the state filed a two-count misdemeanor information charging petitioner with violations of the domestic protective order. The state also filed a motion to revoke petitioner's suspended sentence based upon the acts charged in the information. Upon his release from the custodial portion of his sentence, petitioner was arrested and arraigned on the state's motion to revoke. After an evidentiary hearing, the court found petitioner had violated the domestic protective order and revoked his probation, ordering him to serve the four years of his sentence that had been suspended.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A magistrate judge concluded petitioner "presented no more than state law issues to this Court, which are not the proper subject of a habeas corpus action." Report and Recommendation of 3/15/95 at 7. In addition, the magistrate judge concluded that petitioner had asserted no facts "to show that any due process violation occurred in his probation revocation proceedings." Id. at 8. Finally, the report addressed and rejected each of petitioner's state law issues. The district court issued an order adopting the findings and recommendation of the magistrate judge, denying the petition for writ of habeas corpus.

On appeal, petitioner reasserts the arguments he made before the district court. Specifically, he argues it was improper to revoke his four-year suspended sentence

2

because he was never convicted of violating the domestic protective order. According to petitioner, Oklahoma state law allows revocation of probation only when a defendant is convicted of subsequent felony violations. Additionally, he argues the alleged violations of the domestic protective order occurred while he was incarcerated, not while he was on probation. Accordingly, he argues, the state district court could not have found that he violated the rules and conditions of probation.

Federal habeas relief is available only for errors of "the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994), cert. denied 115 S. Ct. 2278 (1995). Here, petitioner's assertions of error are based largely, if not entirely, upon Oklahoma state law. Accordingly, we find that habeas relief is unavailable to address these claims. In any event, we find the magistrate judge addressed the merits of these claims and properly rejected them.

Petitioner's application for a certificate of probable cause is GRANTED. Petitioner's motion to strike pleadings filed by respondent is DENIED.

The judgment of the district court is AFFIRMED for substantially the same reasons set forth in the Report and Recommendation of the magistrate judge. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3